J-S51025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVON JERMAINE COLLINS | |
| Appellant | No. 3267 EDA 2015 |

Appeal from the PCRA Order September 30, 2015
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0001205-2000

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:           **FILED SEPTEMBER 22, 2016**

Davon Jermaine Collins appeals from the order entered in the Court of Common Pleas of Monroe County, dismissing his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA").  Upon careful review, we affirm.[1]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] This Court's standard of review regarding an order dismissing a PCRA petition is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. ***Commonwealth v. Burkett***, 5 A.3d 1260, 1267 (Pa. Super. 2010) (citations omitted).  In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. ***Id.***

On November 29, 2001, Collins was convicted in a non-jury trial of first-degree murder and other offenses. On January 24, 2002, the court sentenced Collins to a term of life imprisonment for first-degree murder, ten to twenty years' imprisonment for kidnapping, and one to two years' imprisonment for abuse of a corpse, the latter two sentences to run consecutively to each other, but concurrently with Collins' life sentence.

On appeal, this Court affirmed his judgment of sentence. *Commonwealth v. Collins*, 817 A.2d 1174 (Pa. Super. 2002) (unpublished memorandum). The Pennsylvania Supreme Court denied Collins' petition for allowance of appeal on July 10, 2003. *Commonwealth v. Collins*, 827 A.2d 429 (Pa. 2003). Collins did not file a petition for writ of certiorari to the United States Supreme Court. Therefore, his judgment of sentence became final on or about October 8, 2003, after the ninety-day time period for filing such a petition expired. *See* U.S.Sup.Ct.R. 13. Collins had one year from that date, or until October 8, 2004, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). The instant petition was filed on August 6, 2015, nearly twelve years after his judgment of sentence became final. Accordingly, the PCRA court had no jurisdiction to entertain Collins' petition unless he pleaded and offered to prove one of the three statutory exceptions to the time bar. *See* 42 Pa.C.S.A. § 9545(b).

Here, Collins invokes the newly-recognized-constitutional-right exception under section 9545(b)(1)(iii),[2] claiming that the decision of the Pennsylvania Supreme Court in **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2014), in which it applied the U.S. Supreme Court's decision in **Alleyne v. U.S.**, 133 S.Ct. 2151 (2013), renders his life sentence illegal. In **Alleyne**, the Supreme Court held that any fact, other than a prior conviction, that results in the application of a mandatory minimum sentence must be submitted to the jury and found beyond a reasonable doubt. In **Hopkins**, the Pennsylvania high court applied **Alleyne** to section 6317 of the Crimes Code, which imposed mandatory minimum sentences for drug crimes occurring in drug-free school zones, and concluded that the statute was constitutionally infirm. Collins is entitled to no relief.

Here, Collins was convicted of first-degree murder. The sentence for that crime is prescribed by 18 Pa.C.S.A. § 1102(a), which provides as follows:

> (1) Except as provided under section 1102.1 (relating to sentence of persons under the age of 18 for murder, murder of

---

[2] Section 9545(b)(1)(iii) excepts an untimely filed petition from the one-year jurisdictional time bar where a petitioner pleads and proves that:

> the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(iii).

an unborn child and murder of a law enforcement officer), a person who has been convicted of a murder of the first degree or of murder of a law enforcement officer of the first degree **shall be sentenced to death or to a term of life imprisonment** in accordance with 42 Pa.C.S. § 9711 (relating to sentencing procedure for murder of the first degree).

18 Pa.C.S.A. § 1102(a)(1) (emphasis added).

Notably, section 1102 does not impose a mandatory minimum sentence triggered by a "sentencing factor" of the type deemed unconstitutional in *Alleyne* and *Hopkins*. Rather, where a defendant is convicted of first-degree murder, no finding other than the verdict itself, which is the product of a finding beyond a reasonable doubt, is necessary to impose the sentence Collins received. Accordingly, *Alleyne* and *Hopkins* are inapplicable to Collins' claim and he is entitled to no relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/22/2016